[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for a dissolution of marriage and other relief brought to the judicial district of Danbury. Many of the facts that give rise to this action are not in dispute.
The plaintiff, whose maiden name is Sandra Michael, and the defendant were married on June 29, 1984, in New Rochelle, New York. The plaintiff has resided continuously in the state of Connecticut for at least twelve months immediately prior to the date that the complaint was filed. The marriage between the parties has broken down irretrievably without any reasonable prospects of reconciliation. There are three minor children issue of this marriage: Cassandra Damascus, born June 15, 1987; Karra Damascus, born February 24, 1989; and Paige Damascus, born July 14, 1994. No other minor children have been born to the plaintiff wife since the date of the marriage of the parties. Neither party has received state assistance.
The parties are in dispute as to the causes of the breakdown of the marriage. From the evidence presented, the court finds that the defendant's conduct is the sole cause of the breakdown of the marriage.
The plaintiff was born on May 28, 1960.
The plaintiff receives weekly income in the average amount of $53.65 from her decorative part-time painting business. The defendant claims that this constitutes a voluntary reduction in income and the court should impute a higher income to the plaintiff by having her work full-time. The court finds in accordance with the provision of § 46b-82
that it is not desirable for the plaintiff to secure full-time employment. The plaintiff currently has basic weekly expenses of $1,834.58. She has liabilities totaling $72,873. Those liabilities consist of a VISA card with a balance due of approximately $3650; a First USA VISA with a balance due of $6028; a debt to her father, Gene Michael, with a balance due of $44,995; a debt to her mother, Rae Hart, CT Page 11813 with a balance of $12,000; and a Discover card with an approximate balance of $6025. The debt to her father arises out of his having provided a $25,000 downpayment in April, 1987 for a prior home owned by the parties; a $3000 payment on February 12, 1989 towards an auto loan; a $5000 payment on July 6, 1994; an $8100 payment on June 1, 1996; and a $3895 payment on July, 1996.
The plaintiff owns a 1999 Chevrolet with a fair market value of $16,000, a loan balance of $4731.78 and an equity of $11,268.22. She owns personal property, clothing and furniture with an undetermined value. She has a bank account at the Savings Bank of Danbury with a balance of $3500. She has life insurance through Guardian Life Insurance in the face amount of $125,000. She has a deferred compensation plan with Smith Barney in her sole name with a value of approximately $5100, and another Smith Barney Roth account in joint names with a value of approximately $794.
The cost for the plaintiff for COBRA health insurance under the defendant's health insurance policy will be $306.67 monthly.
The defendant was born on April 8, 1957.
The defendant is employed by Bankers Life Casualty. His gross weekly income is $943.52 and a net weekly income of $674. In addition, he has disability income through Guardian in the gross weekly amount of $969.23. That income is free of federal and state income taxes. His financial affidavit, dated September 6, 2002, shows a gross weekly expense for medical/dental insurance of $201.22. The actual cost for him for health insurance for himself is $8 weekly, with an additional weekly expense of $23 for health insurance for the children. He has a business expense of $36.36. He has basic weekly expenses totaling $1075. Included in that $1075 is an anticipated rental expense when he vacates residing with his parents. He owns a 2000 Ford with a fair market value of $7000, a loan balance of $9000 and a negative equity of $2000. He owns furniture, personal items, clothing and household items with an undetermined value. He has a People's Bank checking account with a balance of $100. In addition to the $500,000 life insurance shown on his financial affidavit, through Guardian, he has a second life insurance policy through Guardian in the face amount of $100,000 and a cash surrender value of $5100. He has an IRA through Smith Barney with a value of approximately $10,380. He has liabilities totaling $43,200, consisting of the following: (a) Choice Visa-Citibank with a balance of $6000; (b) Chase VISA with a balance of $11,000; (c) Discover with a balance of $6000; (d) MBNA with a balance of $12,000(e) SNET Verizon with a balance of $3500; (f) Gabriel Damascus with a balance of $4000; and Ridgefield CT Page 11814 taxes with a balance of $700.
The parties are in dispute as to the value of the family home located at 40 Putnam Park Road, Redding, Connecticut. From the evidence presented, the court finds that its fair market value is $550,000. It has a mortgage with a balance of approximately $287,700 and a net equity of approximately $262,300.
This court has considered the provision of § 46b-62 regarding the issue of attorney's fees, and has considered the provision of § 46b-81
(c) regarding the issue of property division, and has considered the provision of § 46b-82 regarding the issue of alimony, and has considered the provision of § 46b-84 as well as the child support guidelines, regarding the issue of support.
The court entered the following orders.
 ORDERS
A. BY WAY OF DISSOLUTION OF MARRIAGE
1. The marriage between the parties is dissolved, and each party is declared to be single and unmarried.
B. BY WAY OF ALIMONY
1. The court orders the defendant to pay to the plaintiff alimony in the sum of $620 per week. Alimony is to terminate upon the earliest of the following events: (1) the death of the plaintiff; (2) the death of the defendant; (3) the remarriage of the plaintiff; (4) July 14, 2012. The youngest child will be 18 on that date, and the plaintiff will therefore be able to seek full-time employment and therefore have less need for alimony. The term of alimony cannot be extended.
2. The provisions of § 46b-86 (a) and 46b-86 (b) are applicable.
3. The defendant is to name the plaintiff as beneficiary of $100,000 life insurance. This obligation terminates when the obligation to pay alimony terminates.
C. BY WAY OF CUSTODY, VISITATION, HEALTH INSURANCE, AND SUPPORT
1. The parties entered into a custody and visitation stipulation dated August 29, 2002, that was marked as Court Exhibit A. The court approves of that stipulation and incorporates it by reference into the judgment CT Page 11815 file and enters orders in accordance with that stipulation.
2. The defendant is to provide health insurance for the benefit of the minor children.
3. The defendant has a right to claim the children as deductions for federal and state income tax returns for each calendar year in which he is current in his alimony payments, support payments, and unreimbursed health insurance payments.
4. The defendant is to pay to the plaintiff support in the amount of $517 per week. He is also to pay 67 percent of unreimbursed health expenses after the plaintiff has first paid the first $100 annually. The support order and health insurance order are in accordance with the child support guidelines.
5. The parties entered into an agreement regarding three custodial bank accounts, which agreement provided for the plaintiff to remain the custodian of those accounts and to use the money for the benefit of the children as she deems appropriate. The court approves of that stipulation and enters orders in accordance with that stipulation.
6. The defendant is to name each minor child as beneficiary of $50,000 life insurance. This obligation terminates as to such child when the obligation to pay support for such child terminates.
D. BY WAY OF PROPERTY
1. The defendant is ordered to quitclaim to the plaintiff within thirty days from the date this decision is filed all of his right, claim and interest in the family home located at 40 Putnam Park Road, Redding, Connecticut. Simultaneously with that transfer, the plaintiff is to execute a promissory note secured by a mortgage deed for the family residence. The promissory note is to be in the face amount of $75,000. It is to be due and payable, without interest, on the earliest of the following events: (1) July 14, 2012; (2) the commencement of a foreclosure action by the holder of the first mortgage; (3) the plaintiff no longer occupying the family residence with the minor children.
2. In the event the plaintiff wishes to refinance the existing first mortgage that has an interest rate of less than 9 1/4 percent, which refinance is to not exceed the current balance due on the first mortgage and is to have an interest rate of less than 9 1/4 percent, then in such event, the defendant is to subordinate his mortgage to the first mortgage. CT Page 11816
3. The court retains jurisdiction over any disputes that arise involving the family home.
4. All liabilities shown on the plaintiff's financial affidavit will be paid by the plaintiff, and she is to hold the defendant harmless therefrom.
5. All liabilities shown on the defendant's financial affidavit except for the joint Discover card are to be paid by the defendant, and he is to hold the plaintiff harmless therefrom.
6. The 2000 Ford shown on the defendant's financial affidavit is awarded to the defendant. He is to pay the loan balance and hold the plaintiff harmless therefrom.
7. All furniture, personal items, clothing, and household items in the possession of the defendant are awarded to the defendant.
8. The People's checking account shown on the defendant's financial affidavit is awarded to the defendant.
9. The $5100 cash surrender value on the Guardian Life Insurance policy that is not shown on the defendant's financial affidavit is awarded to the defendant.
10. The IRA Smith Barney account shown on the defendant's financial affidavit is awarded to the defendant.
11. The Chevrolet motor vehicle shown on the plaintiff's financial affidavit is awarded to the plaintiff. She is to pay the loan balance and hold the defendant harmless therefrom.
12. All personal property, clothing, furniture and fixtures in the possession of the plaintiff is awarded to the plaintiff.
13. The Savings Bank of Danbury account with the $3500 balance shown on the plaintiffs financial affidavit is awarded to the plaintiff.
14. The deferred compensation plans shown on the plaintiff's financial affidavit with the values of approximately $5100 and $794 are both awarded to the plaintiff.
E. MISCELLANEOUS ORDERS
CT Page 11817
1. Counsel for the plaintiff is to prepare the judgment file within thirty days instead of the counsel for the defendant for signature and filing.
2. The plaintiff is to hold the defendant harmless for all loans advanced to the parties by her parents during the marriage.
3. The defendant is to hold the plaintiff harmless for all loans advanced by his parents to the parties during the marriage.
 ___________________ Axelrod, J.T.R.
CT Page 11818